Filed 11/6/20  Wilson v. Meagan M. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| RYAN WILSON, | |
| Appellant, | E073681 |
| v. | (Super.Ct.No. FLHE1900923) |
| MEAGAN M., | OPINION |
| Respondent. | |

APPEAL from the Superior Court of Riverside County.  Timothy F. Freer, Judge.

Affirmed.

Ryan Wilson, in pro. per., for Appellant.

Westover Law Group and Andrew L. Westover for Respondent.

## I.  INTRODUCTION

On February 13, 2019, Ryan Wilson (father) filed a petition in the

Riverside County Superior Court seeking a modification of prior custody and visitation

1

orders regarding his son, T.M.[1]  Before resolution of this petition, father filed a second petition on July 9, 2019, requesting an order allowing immediate supervised visitation with T.M.  On July 16, 2019, the trial court denied both petitions, and father filed a notice of appeal from "the judgment" shortly thereafter.  We conclude that father has forfeited any claim of error by failing to provide an adequate record for review, and that the limited record before us does not evidence an abuse of discretion warranting reversal, even if we were to consider the merits of father's appeal.  We, therefore, affirm the trial court's orders.

## II.  FACTS AND PROCEDURAL HISTORY

T.M. was born in 2004 and is the child of father and Meagan M. (mother).  Father and mother have been litigating the issue of child custody over T.M. for years in the State of Illinois.  On November 19, 2012, following an evidentiary hearing regarding allegations that father molested T.M., an Illinois circuit court issued an order barring father from any visitation, parenting time, or contact with T.M.

On August 14, 2013, mother filed a petition in the Illinois circuit court for

---

[1]  Father's petition was presented on a standard court form, on which he also checked boxes for child support, domestic violence, and attorney fees and costs.

permission to remove T.M. to California.[2] While the circuit court initially denied the petition, that decision was reversed on appeal on May 6, 2015.

On February 13, 2019, father filed a petition in the Riverside County Superior Court requesting an order to modify the custody and visitation orders pertaining to T.M. The petition in the record before us contains no supporting attachments or declarations and does not include a copy of the underlying custody or visitation orders in effect at the time.[3]

On April 19, 2019, mother filed a responsive declaration opposing father's request for change of custody and visitation. In her declaration, mother noted that father had not had any contact with T.M. since 2012. Mother attached a copy of a November 19, 2012

---

[2] On April 8, 2020, mother filed a request for judicial notice of four items: (1) an unpublished opinion by the Appellate Court of Illinois regarding a petition by mother to remove T.M. to California; (2) an unpublished opinion by the Appellate Court of Illinois upholding a 2012 trial court order barring father from any contact, visitation, or parenting involving T.M.; (3) Illinois Supreme Court Rules, rule 23, permitting citation to unpublished decisions under the doctrine of law of the case; and (4) a copy of father's request for order filed February 13, 2019, with the Riverside County Superior Court. By order dated April 24, 2020, we reserved the ruling on the first three items to be considered with this appeal; deemed the request for judicial notice of the fourth item as a motion to augment the record; and granted the request as to that item. We now grant the request for judicial notice of the remaining items pursuant to Evidence Code section 452, subdivisions (d) and (e), including the truth of any results reached by the prior appellate opinions; but we do not take judicial notice of the truth of any hearsay facts recited within those opinions. (*Lockley v. Law Office of Cantrell*, *Green*, *Pekich*, *Cruz & McCort* (2001) 91 Cal.App.4th 875, 882 (*Lockley*).)

[3] We note that father did not include his petition when designating the record on appeal, despite the fact that his appeal is presumably taken from the order denying that petition. The only copy of the petition in the record is the version attached to mother's request for judicial notice, which does not include any accompanying attachments or declarations.

3

order from the Illinois circuit court barring father from visitation, parenting time, or contact with T.M. on the ground that T.M. would be seriously endangered by such contact. Mother also attached a 2018 report by one of T.M.'s treating psychiatrists, in which the psychiatrist expressed the opinion that contact between father and T.M. would adversely impact T.M.'s ongoing mental health treatment, and that such contact should continue to be barred while T.M. remains a minor.

On April 23, 2019, the trial court held a hearing on father's petition. However, instead of addressing the merits of the petition, the trial court ordered the parties to participate in a child custody mediation and continued the hearing on the petition to July 16, 2019.

Father proceeded to file at least eight separate declarations. Attached to the declarations were the following documents: a June 2014 report by the guardian ad litem appointed to represent T.M. in the Illinois proceedings;[4] a November 2010 findings and order by the Illinois circuit court regarding competing motions to restrict and modify visitation; a November 2017 updated psychological evaluation of father conducted by order of the Illinois circuit court; a June 2014 deposition transcript of a clinical psychologist who was treating T.M. at that time; a copy of an April 2013 individualized education program evaluation and plan for T.M. conducted by his elementary school; a copy of T.M.'s school disciplinary record for the 2013 school year; a June 2014 deposition transcript of a child psychiatrist who was treating T.M. at the

---

[4] This report also attached reports issued by a therapist and psychologist that the guardian ad litem reviewed at the time.

time; and a transcript of November 2009 proceedings before the Illinois circuit court.

On July 9, 2019, father filed a second petition requesting an order allowing for immediate supervised visitation with T.M.

On July 16, 2019, the trial court held a hearing on both of father's petitions. The trial court denied the petitions, stating it did not believe father had shown any change in circumstances warranting review of any prior custody or visitation orders. While the trial court expressed that it did not see a substantial basis or change in circumstances that would warrant revisiting a prior visitation order, it also expressed the view that, based upon the information provided to it, any visitation with father would be psychologically damaging to T.M.

## III. DISCUSSION

A. *Scope of Father's Appeal*

"Generally, we must liberally construe a notice of appeal in favor of its sufficiency. [Citation.] A notice of appeal shall be ' "liberally construed so as to protect the right of appeal if it is *reasonably clear* what [the] appellant was trying to appeal from, and where the respondent could not possibly have been misled or prejudiced." ' " (*In re J.F.* (2019) 39 Cal.App.5th 70, 75.)

Here, father's notice of appeal represents that he is appealing from a judgment and does not identify any specific orders from which his appeal is taken. The record on appeal does not include a judgment. Nevertheless, the register of actions indicates the trial court heard and denied only two requests for orders at the time father filed his notice of appeal, both of which were denied at the same hearing. On appeal, respondent also

5

appears to have addressed the substantive issues raised by both of father's requests. Accordingly, we will deem father's appeal as an appeal from the trial court's denial of his requests for orders filed on February 13, 2019, and July 9, 2019.

Further, father's February 13, 2019 request for order was submitted on a standard court form, bearing marked boxes next to each of the following categories: child custody, child support, visitation, domestic violence order, and attorney fees and costs. Nevertheless, the body of the petition did not include any information or substantive request related to child support, a domestic violence order, or attorney fees and costs. Thus, in substance, father's February 13, 2019 petition appears to be a request for modification of prior child custody and visitation orders, and we will treat the petition as such on appeal.

B. *Applicable Legal Principles and Standard of Review*

"Under the changed circumstance rule, after the trial court has entered a final or permanent custody order reflecting that a particular custodial arrangement is in the best interest of the child, custody modification is appropriate only if the parent seeking modification demonstrates 'a significant change of circumstances' indicating that a different custody arrangement would be in the child's best interest.' [Citation.] But the changed circumstance rule does not apply when a parent requests only a change in the parenting or visitation arrangement not amounting to a change from joint custody to sole custody, or vice versa. Instead, the trial court considers a request to change the parenting or visitation arrangement under the best interests of the child standard." (*In re Marriage of Lucio* (2008) 161 Cal.App.4th 1068, 1072.)

While the legal test with respect to determining whether a modification of a change in custody differs from that used to determine the modification of a change in visitation, the standard of appellate review for both orders is the same. "The standard of appellate review of custody and visitation orders is the deferential abuse of discretion test." (*In re Marriage of Burgess* (1996) 13 Cal.4th 25, 32; see *Montenegro v. Diaz* (2001) 26 Cal.4th 249, 255; *S.Y. v. Superior Court* (2018) 29 Cal.App.5th 324, 333.) "The abuse of discretion standard is not a unified standard; the deference it calls for varies according to the aspect of a trial court's ruling under review. The trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of the law to the facts is reversible only if arbitrary and capricious." (*Haraguchi v. Superior Court* (2008) 43 Cal.4th 706, 711-712.)

Further, even where an abuse of discretion has been shown, reversal is not warranted absent prejudice. (*In re Marriage of Slayton & Biggums-Slayton* (2001) 86 Cal.App.4th 653, 658 [upholding the trial court's ex parte custody order because appellant suffered "no ultimate prejudice" after subsequent full hearing reached the same result].)

C. *Father Has Forfeited Any Claim of Error by Failing To Provide an Adequate Record*

Here, father offers various criticism of the trial court's denial of his requests for order to modify child custody and child visitation orders. However, father has failed to provide us with a record upon which these orders can be properly reviewed.

"[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the

7

basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609.) " ' "[I]f the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." ' " (*Id.* at p. 609.) The appellant " 'has the burden of providing an adequate record . . . [and] [f]ailure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].' " (*Ibid.*)

Here, father challenges the trial court's denial of his requests for orders seeking a modification of prior child custody and visitation orders. However, father did not request that either of his petitions be included in the record on appeal. While mother provided a copy of father's February 13, 2019 petition in her request for judicial notice, no exhibits or supporting declarations were included in mother's request. Father's July 9, 2019 petition is referenced only in the register of actions and in the trial court's oral comments at the time of hearing.

More importantly, father failed to include in the record a copy of the underlying custody and visitation orders that were in effect at the time he filed his petitions. The record before us includes father's February 13, 2019 petition referencing a custody and visitation order from 2008; a copy of a 2010 order modifying custody and visitation; and a 2012 custody and visitation order barring father from visitation, parenting time, and contact with T.M. While mother's declaration to the trial court implied the 2012 order was the most recent court order in effect, the order itself stated that its provisions barring father from visitation, parenting time, and contact would last only through

8

December 15, 2013. The register of actions indicates that mother subsequently submitted a copy of an additional out of state custody order to the trial court on April 18, 2019, and the transcript of oral proceedings indicates the trial court reviewed that order. However, a copy of that order has not been made part of the record on appeal.[5]

Clearly, the record before this court is insufficient to allow for adequate review. Absent the underlying order or orders that father sought to modify and absent the petitions in which father, presumably, included in order to show support of any modification request, we cannot adequately review any claim that the trial court abused its discretion in denying father's petitions. It was father's burden to provide an adequate record for review on appeal, and the failure to do so requires that any claim of error be resolved against him.

---

[5] For this reason, we need not address mother's argument that orders issued by the Illinois courts are entitled to full faith and credit under the United States Constitution. We presume mother is urging us to give full faith and credit to whatever order currently governs the custody and visitation rights with T.M. However, that order does not appear to be included in the record on appeal. To the extent mother's argument is intended to urge us to accept the truth of the factual findings set forth in the various orders or opinions issued by courts in Illinois, we decline to do so. The truth of such facts are not subject to judicial notice. (*Lockley*, *supra*, 91 Cal.App.4th at p. 885 ["An appellate court's description of facts is merely the hearsay assertions of the justices who delivered the opinion."]; *Steed v. Department of Consumer Affairs* (2012) 204 Cal.App.4th 112, 121 ["[T]aking judicial notice of the truth of a judge's factual finding, even after a contested adversary hearing, is 'tantamount to taking judicial notice that the judge's factual finding must necessarily have been correct and that the judge is therefore infallible' [and] a court may take judicial notice that a prior order was entered, *but it may not take judicial notice of the truth of factual findings made therein*."].) Nor do we believe the truth of these facts is necessary to the resolution of the issue before us on appeal.

9

D. *The Limited Record Before Us Does Not Evidence an Abuse of Discretion*

Finally, even if we were to consider the merits of father's appeal on the limited record before this court, we would find no abuse of discretion.

First, "[i]t is settled law that ordering a change in custody requires a persuasive showing of changed circumstances affecting the child.  [Citation.]  Such a change must be substantial.  A trial court shall not remove a child from the prior custody of one parent and give custody to the other unless there are material facts and circumstances occurring after the prior custody order that ' " ' "are of a kind to render it *essential or expedient for the welfare of the child that there be a change*." ' " ' "  (*In re Marriage of C.T. & R.B.* (2019) 33 Cal.App.5th 87, 102; see *In re Marriage of Brown & Yana* (2006) 37 Cal.4th 947, 960.)  Generally, the trial court " 'should preserve the established mode of custody unless some significant change in circumstances indicates that a different arrangement would be in the child's best interest.' "  (*In re Marriage of Burgess*, *supra*, 13 Cal.4th at p. 38.)

Thus, in order to be entitled to a modification of any existing custody order, it was father's burden to show a significant change in circumstances.  Yet, all of the documents submitted by father to the trial court and made part of the record on appeal are documents from the litigation process before the Illinois circuit court.  It would have been reasonable for the trial court to infer that any information generated as part of the custody litigation before the Illinois court had already been considered in formulating any custody order issued by that court.  As such, the trial court could reasonably conclude that such information did not represent a change in circumstances.  Absent a showing of changed

10

circumstances, the trial court is not required to revisit prior custody orders, and we would find no abuse of discretion in the trial court's denial of father's request for a modification of custody orders on this basis.

Second, while a request to modify a visitation order does not require a showing of changed circumstances, it does require a showing that any modification is in the best interest of the child. (*In re Marriage of Lucio*, *supra*, 161 Cal.App.4th at p. 1072.) "When determining the best interest of the child, relevant factors include the health, safety and welfare of the child, any history of abuse by one parent against the child or the other parent, and the nature and amount of contact with the parents." (*Montenegro v. Diaz*, *supra*, 26 Cal.4th at p. 255.)

Here, it was undisputed mother has exercised sole physical custody of T.M. since at least 2012, and father has had no contact with T.M. since that time. Mother submitted a 2018 report by one of T.M.'s treating psychiatrists, who concluded that T.M. should have no visitation with father until T.M. reached the age of majority and that doing so would be detrimental to T.M.'s ongoing mental health treatment. Almost all of father's evidentiary submissions—at least those that have been made part of the record on

appeal—significantly predate that psychiatrist's mental health evaluation of T.M.[6]  The only relatively recent document submitted by father was a psychological evaluation of father in 2017, but the expert who prepared that report did not evaluate T.M.

Thus, the record before the trial court suggested that T.M. had no current relationship with father, as well as an uncontradicted opinion by a mental health expert that visitation between T.M. and father would be detrimental to T.M.'s mental health. Based upon this evidence, the trial court could reasonably conclude that modification of any visitation order would not be in the best interest of T.M.  Even in the absence of forfeiture, we would find no abuse of discretion in the trial court's denial of father's request for modification of visitation orders based upon this record.

IV.  DISPOSITION

The trial court's orders denying father's February 13, 2019 and July 9, 2019 petitions are affirmed.  Respondent to recover costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS _____
J.

We concur:

McKINSTER _____
            Acting P. J.

RAPHAEL _____
                J.

_____

[6]  The report submitted by T.M.'s guardian ad litem in the proceedings before the Illinois circuit court is dated June 2014; the findings and order by the Illinois circuit court submitted by father is dated November 2010; the deposition transcripts of various medical professionals are from proceedings conducted in 2014; and the education records for T.M. were for the 2013 school year.